# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# Charleston Division

| | |
|---|---|
| UNITED STATES OF AMERICA, for and on behalf of LNC-SOLUTION, LLC, | ) CIVIL ACTION NO.: 2:23-cv-999-RMG )  ) |
| Plaintiff, | ) ) |
| v. | ) **COMPLAINT** ) (Miller Act Bond Claim) ) (Breach of Contract) |
| WINDAMIR DEVELOPMENT, INC., and BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY, | ) (Jury Trial Demanded) ) ) ) |
| Defendants. | ) |

COMES NOW Plaintiff United States of America for the use and benefit of LNC-Solution, LLC ("Plaintiff" or "LNC"), which brings this action, by and through the undersigned counsel, and respectfully shows the Court as follows:

## PARTIES, JURISDICTION AND VENUE

1. LNC is a North Carolina limited liability company with its principal office located in Mecklenburg County, North Carolina.

2. Defendant Windamir Development, Inc. ("Windamir" or "General Contractor") is a corporation organized under the laws of the State of Delaware, is in the business of general contracting, and has an office and conducts business in the State of South Carolina.

3. Defendant Berkshire Hathaway Specialty Insurance ("Berkshire") is a corporation organized under the laws of the State of Nebraska that is authorized to issue contract surety bonds in the State of South Carolina.

4. This claim is brought in the name of the United States of America for the use and benefit of LNC pursuant to 40 U.S.C. § 3133(b)(3)(A), and by LNC in its own right to recover amounts due it pursuance to a subcontract and a Miller Act payment bond.

5. Jurisdiction is proper pursuant to 40 U.S.C. § 3131 *et seq.* (the "Miller Act") because LNC's claims asserted against Windamir and Berkshire arise out of a payment bond issued for the protection of all persons supplying labor and materials to carry our work under a contract for the construction, alteration, or repair of public buildings or public works of the United States.

6. Venue is proper in this District pursuant to 40 U.S.C. § 3133(b)(3)(B) because the contract giving rise to these claims was performed and executed in this District.

## FACTUAL ALLEGATIONS

7. On or about May 17, 2019, Windamir entered into the prime contract with the United States of America, Naval Facilities Engineering Systems Command Southeast – South Central ("NFESC"), contract number N69450-19-F-0856 (the "Prime Contract"), to perform construction and related work on Project W534JA TSB-1 HVAC Repurposing Joint Base Charleston ROICC Charleston-Inspector 1000 Pomflant Access Road, Goose Creek, South Carolina 29445-8611 (the "Project").

8. Upon information and belief, as required by the Miller Act, Windamir, as principal, and Berkshire, as surety, provided a payment bond to the NFSEC pursuant to 40 U.S.C. § 3131(b)(2) for the Project from Berkshire (the "Payment Bond"), for the benefit and protection of all persons supplying labor and materials used in performance of the Project.

9. In connection with work on the Project, on or about August 25, 2021, Windamir entered into a subcontract with LNC (the "Subcontract") to provide certain labor, materials, and equipment relating to all communications cabling and outlets for the Project.

10. Pursuant to the terms of the Subcontract, Windamir was required to timely pay LNC for all work it performed on, and all materials it provided to, the Project.

11. LNC supplied labor and materials on the Project, including performing all conditions precedent to receipt of full payment of the subcontract price, in full performance of its obligations under the Subcontract and as requested by Windamir.

12. LNC provided labor and materials on the Project within one year of the date of the filing of this Complaint.

13. Upon information and belief, Windamir has received payment from the NFSEC for all of the work performed by LNC on the Project.

14. In compliance with the terms of the Subcontract and Windamir's instructions, LNC has promptly and repeatedly submitted written applications to Windamir for payment for the work it has performed on the Project.

15. The outstanding unpaid principal balance owed to LNC pursuant to the Subcontract is $93,811.37.

16. Windamir has failed and refused to pay LNC the amounts owed to LNC pursuant to the Subcontract and paid to Windamir by the NFSEC for the work performed by LNC.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract - Windamir)**

17. LNC incorporates by reference the preceding paragraphs above as if fully set forth herein.

18. The Subcontract constitutes a valid and binding contract between Windamir and LNC.

19. LNC has furnished all labor and materials to the Project as required under the Subcontract and otherwise performed all of its obligations and met all conditions precedent entitling it to full payment under the Subcontract.

20. Windamir has breached the Subcontract by failing and refusing to pay LNC the amounts owed to LNC pursuant to the Subcontract.

21. As a result of the breach by Windamir of the Subcontract, LNC has been damaged in an amount to be proven at trial but no less than $93,811.37, plus penalities pursuant to the Subcontract, pre-judgment interest from the date of the breach and post-judgment interest from the date judgment is entered until paid in full.

## SECOND CLAIM FOR RELIEF
### (Miller Act Payment Bond - Berkshire)

22. LNC incorporates by reference the preceding paragraphs above as if fully set forth herein.

23. LNC properly and promptly submitted written applications for payment to Windamir related to LNC's work on the Project pursuant to the Subcontract.

24. Windamir has failed and refused to pay LNC all amounts owed for the labor and materials LNC provided for the Project pursuant to the Subcontract.

25. More than ninety (90) days and less than one (1) year have elapsed since the last of the labor was performed or materials were supplied by LNC relating to the Project and the Subcontract.

26. Pursuant to 40 U.S.C. § 3133(b)(1) and the terms of the Payment Bond, LNC is entitled to recover from Windamir and Berkshire, jointly and severally, the outstanding unpaid balance owed to it pursuant to the Subcontract.

27. As a direct and proximate result of the Windamir's failure to pay LNC for its labor, materials and services provided in connection with the Subcontract, and pursuant to the terms of the Miller Act, LNC is entitled to the payment of $93,811.37 from Berkshire.

**WHEREFORE**, Plaintiff respectfully request that this Court:

A. Award Plaintiff its damages against Defendant Windamir for breach of contract in an amount no less than Ninety-Three Thousand Eight Hundred Eleven Dollars and 37/100 ($93,811.37), plus penalties pursuant to the Subcontract, pre-judgment interest from the date of the breach and post-judgment interest from the date judgment is entered until paid in full

B. Award Plaintiff its damages against Defendants, jointly and severally, for violation of 40 U.S.C. § 3131 *et seq.* in an amount no less than Ninety-Three Thousand Eight Hundred Eleven Dollars and 37/100 ($93,811.37), plus penalties pursuant to the Subcontract, pre-judgment interest from the date of the violation and post-judgment interest from the date judgment is entered until paid in full;

C. Tax the costs of this action against Defendants, jointly and severally;

D. Award Plaintiff its attorneys' fees to the fullest extent allowable by law; and

E. Grant such other and further relief to Plaintiff as the Court deems just and proper.

**RAYBURN COOPER & DURHAM, P.A.**

s/ Matthew L. Tomsic
Matthew L. Tomsic (Fed. ID No. 13157)
227 W. Trade St. Suite 1200
Charlotte, NC 28202-1672
Telephone: (704)334-0891
Facsimile: (704)377-1897
Email: mtomsic@rcdlaw.net
*ATTORNEY FOR PLAINTIFF*

March 10, 2023
Charlotte, North Carolina